IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. SAG-20-0369 |
| | * | |
| | * | |
| **AKOLADE OJO** | * | |
| | ****** | |

**MEMORANDUM AND ORDER**

On October 27, 2020, a grand jury returned an indictment against Akolade Ojo and others for wire fraud and conspiracy to commit wire fraud. ECF 1. Currently pending is Ojo's Motion for Review and Reconsideration of an order of detention ("the Motion"), ECF 40, which appeals the detention order issued by United States Magistrate Judge Thomas M. DiGirolamo on November 13, 2020, ECF 30. This Court has reviewed the briefing and exhibits submitted by the parties, ECF 40, 43, 45, along with the pre-trial services report and supplements, and has listened to the full recording of the lengthy detention hearing before Judge DiGirolamo. No further hearing is necessary to resolve this Motion. *See* Loc. R. 105.6 (D. Md. 2018); *see also United States v. Martin,* Crim. No. PWG-19-140, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (finding "ample authority for the conclusion that the Court may decide the [appeal of detention] on the filings . . . as opposed to a hearing."). For the reasons that follow, Ojo's Motion will be denied.

**I.    Standard of Review**

Pretrial detention and release are governed by the Bail Reform Act ("BRA"), 18 U.S.C. §§ 3141, *et seq.* The government is permitted to seek pretrial detention of a defendant who poses a serious risk of flight. *Id.* § 3142(f)(2(A). The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the

community." *Id.* § 3142(c)(1)(B).  However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the person before trial." *Id.* § 3142(e)(1).  Where, as here, a detention ruling is based on a defendant's risk of nonappearance, the Court must make the detention finding by a preponderance of the evidence.  *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) ("With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings. ) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *see also United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)).

The BRA permits a defendant who is ordered detained by a magistrate judge to "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order," which "shall be determined promptly." *Id.* § 3145(b).  The district judge must review the detention issue *de novo* "and must make an independent determination of the proper pretrial detention or conditions of release."  *Stewart,* 19 F. App'x at 48.

**II.    Analysis**

Ojo asks this Court to review Judge DiGirolamo's order of detention, and this Court will therefore engage in a *de novo* review of his determinations.  After review of the relevant factors, this Court finds by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Ojo's appearance in Court.

Ojo has extensive ties to Nigeria, has bank accounts in that country, and is alleged to have participated in an extensive fraud scheme involving the use of false identification information, including false passports.  The evidence of Ojo's participation in the scheme is extremely strong,

2

including a series of WhatsApp messages clearly illustrating his role. The fraud offenses charged in the indictment involve more than a half-million dollars in illicit proceeds, and most of those funds have not been located, meaning that they could be available for Ojo's use if he absconds. Ojo is facing a lengthy federal sentence, providing a powerful incentive to flee. Most importantly, based on the information provided by the Government at the detention hearing, it appears that Ojo provided false information to immigration authorities and to Pretrial Services about his residence and his marital status. He was unable to provide contact information for the woman he identified as his spouse, and he appears to reside with another woman, who was his proposed third-party custodian at the hearing before Judge DiGirolamo.[1] A lack of candor with those who would be supervising his release conditions weighs heavily against his release.

Accordingly, there is no condition or combination of conditions to reasonably assure Ojo's appearance in Court. Neither electronic monitoring nor the posting of property or a monetary bond can guarantee a defendant's appearance, particularly where the defendant has the apparent means to flee, the connections with a foreign country to facilitate his flight, and the willingness to be untruthful with the supervising agents.

The Court also concludes that Ojo poses an ongoing economic danger to the community as a result of the significant fraud scheme he furthered. The conduct Ojo engaged in is the type of conduct that can be conducted in one's home, and conditions of release prohibiting computer or internet usage are notoriously difficult to enforce. Again, given Ojo's lack of candor with Pretrial

---

[1] In his submission on appeal, Ojo proposes an alternate third-party custodian, Assian Oppel. ECF 40-1. Oppel's information has not been submitted to PreTrial Services for vetting. However, given the other factors discussed herein, the suitability of the custodian is not a determinative factor.

Services, he simply cannot be trusted to comply with such release conditions, and this Court is left without adequate conditions to reasonably assure community safety.

This Court recognizes the arguments Ojo has made about an enhanced risk of community transmission of the COVID-19 virus within the detention facility, and about the difficulty he is experiencing communicating with his defense counsel. Although the Court is cognizant of the significant difficulties incarcerated defendants are experiencing during the pandemic, it is not at liberty to disregard the statutory factors it is charged with weighing in determining the propriety of Ojo's release. The Court has taken significant steps to ensure protection of the Sixth Amendment rights of its pre-trial detainees, including working with the pre-trial detention facilities on methods allowing virtual communications with counsel. Ojo, who is only thirty years of age, cites no medical history or particular susceptibility to COVID complications that might warrant his temporary release.

## CONCLUSION

For the reasons stated herein, Ojo's Motion for Review of Order of Detention, ECF 40, is **DENIED**.

Dated:  December 29, 2020                                                     /s/
                                                                   Stephanie A. Gallagher
                                                                   United States District Judge